DECISION OF DISMISSAL
This matter is before the court on Defendant's request for dismissal, included in its Amended Answer filed on April 22, 2008, [1] requesting that the Complaint be dismissed because Plaintiffs appealed prematurely. The court discussed the dismissal request with the parties on July 14, 2008. John D. Sproed, M.D. (Dr. Sproed) and Arlene Sproed, appeared for Plaintiffs; Defendant was represented by Paul Meyer, Douglas County Counsel.
 I. STATEMENT OF FACTS
A. Introduction and Overview
The appeal involves certain personal property that was used by Dr. Sproed in his medical practice, which closed in 2006.[2] The property is identified in the Assessor's records as Account P83082. The tax year at issue is 2007-08. In their Complaint to the Magistrate Division of the Tax Court, Plaintiffs have requested "readjustment refund of taxes paid after business was closed personal property dispersed [sic]." In a letter to the court dated April 8, 2008, *Page 2 
Dr. Sproed explains that the subject property was either transferred to personal use (or given to the kids), sold, or "scrapped." (Ptfs' Ltr at 1, 2, Apr 8, 2008.)
B. Background
1. Personal Property Return and Property Tax Statement
Plaintiffs filed a personal property return for the subject property in 2006 (2006-07 tax year) reporting the value to be $55,030. (Ptfs' Ltr, Attach 22, Apr 8, 2008.) Defendant placed a value of $62,843 on that property for the 2006-07 tax year. (Id. at 11.) The following year, Plaintiffs filed another personal property return on February 20, 2007, in which they indicated that they had no personal property to report because the business closed March 1, 2006. (Id. at 18-20.) Plaintiffs attached an asset list to their 2007 return listing all the property that had been associated with the business, and included a handwritten note stating "[a]ll assets transferred to personal use for disposal as we see fit." (Id. at 20.) That statement was signed by Dr. Sproed. Defendant nonetheless valued the property at $46,917. (Id. at 11.) There is a handwritten note by "Ali," a personal property appraiser with the Douglas County Assessor, dated February 21, 2007, indicating "Medical equip[ment] does not go personal!!" (Id. at 20.) Plaintiffs received a tax statement in October 2007 reflecting the $46,917 value for the personal property. (Id. at 11.)
2. Petition to County Board
Plaintiffs paid the 2007-08 tax on November 13, 2007, and timely filed a petition with the county board of property tax appeals (board) in December 2007, requesting that the value be reduced to zero. (Id. at 11, 27, 28.) In a letter attached to their petition, Dr. Sproed explained that "all assets were being transferred to personal use and for disposal of medical equipment as we saw fit." (Id. at 26.) Plaintiffs included information about certain entities to which property *Page 3 
was being given, and explained that they were storing some of that property until those entities (located outside of Oregon) could pick up the equipment. (Id.)
On February 6, 2008, the board issued a Notice of Hearing indicating that the matter would be heard February 26, 2008. Plaintiffs were due to be out of the country on a missions trip from February 24, 2008 through March 26, 2008, returning March 27. Plaintiffs unsuccessfully attempted to get the board to reschedule its hearing so that they could attend. (Id. at 12.) Prior to the scheduled board hearing, the assessor on February 11, 2008, telephoned Plaintiffs advising them that the board would likely not consider their case for lack of jurisdiction, because the appeal involved a legal matter. (Id. at 12; Jul 14, 2008 Testimony.)
On March 11, 2008, the board issued an "Order of Dismissal." (Ptfs' Ltr, Attach 6, Apr 8, 2008.) The board did not indicate on the order the reason for the dismissal, although there are five different options for the board to choose from and so indicate by marking the line next to the appropriate numbered explanation. (Id.) Plaintiffs were out of the country on a "missions trip" at the time the board issued its March 11, 2008, order, and returning March 27, 2008.
Shortly after returning, Plaintiffs contacted the board to inquire about their dismissal. In response, the board on April 1, 2008, transmitted to Plaintiffs by facsimile a "copy" of the March 11, 2008, order, this time with a handwritten "X" next to explanation marked "4", which explains that "[t]he board lacks jurisdiction to hear the issue(s) appealed due to the following reason(s):[.]" (Id. at 4.) Although there are two lines available for a written explanation for the board's lack of jurisdiction, no explanation was given. (Id.) *Page 4 
3. The Tax Court Complaint and Answer
On February 26, 2008, Plaintiffs filed a Complaint with the Magistrate Division of the Oregon Tax Court. Defendant has moved for dismissal, asserting Plaintiffs appeal is premature under ORS 305.280(4)[3]
because they did not appeal within 30 days after the board issued its order.
 II. ISSUE
The issue in this case is whether Defendant's request for dismissal should be granted.
 III. ANALYSIS
In deciding whether to grant Defendant's dismissal request, the court must first determine whether this is a value appeal, which is properly brought first to the board, and then to the Tax Court in the time provided by statute, or whether this is an exemption case that must be filed directly with the Tax Court rather than the board. The court concludes that it is both, and that, for the reasons set forth below, Defendant's motion must be granted.
1. Value and Timeliness of the Appeal
Plaintiffs appealed to the Tax Court before the board issued its order dismissing their petition. The order was originally issued March 11, 2008, and subsequently reissued by the board April 1, 2008. Plaintiffs filed their Complaint with the Tax Court on February 26, 2008.
In its Amended Answer, Defendant requests that the court dismiss Plaintiffs' appeal as premature under ORS 305.280(4), which requires that "an appeal to the tax court * * * from an order of a county board of property tax appeals shall be filed within 30 days after the * * * date of mailing of the order * * *." (Emphasis added.) That raises the question of whether Plaintiffs have appealed "from an order of the county board." *Page 5 
Plaintiffs' Complaint is not completely clear. Defendant did not file a motion under Rule 21 D of the Regular Division Tax Court Rules (TCR) for an order requiring Plaintiffs to make their Complaint more definite and certain, and the court did not require such on its own motion. However, the Preface to the Magistrate Division rules provides that "[a]ll pleadings shall be liberally construed with a view of substantial justice between the parties." Applying the rule of liberal construction, the court concludes that Plaintiffs are appealing the board's order and seeking a reduction in the value of the property.[4]
In Section 3 of their Complaint, Plaintiffs assert that the board order is in error because the board and the assessor state that the case is outside their jurisdiction. In Section 4, Plaintiffs request the following relief: "readjustment refund of taxes paid after business was closed personal property dispersed [sic][.]" Plaintiffs appear to be appealing the board's order, challenging the board's jurisdictional determination. That implies Plaintiffs are bringing a value appeal, because the board can hear requests for reduction in value, but lacks jurisdiction to determine whether property is exempt from taxation.[5]See ORS 309.026(2) (authorizing the board to hear petitions for reduction of assessed value, specially assessed value, real market value, and maximum assessed value); ORS 309.026(4) (authorizing the board to hear applications for penalty waiver). Support for the conclusion that Plaintiffs are bringing a value appeal is found in Plaintiffs' April 8, 2008, letter to the court, which states on page two that "final value as such to me is therefore ZERO."
To the extent this is a value appeal, Defendant's motion for dismissal is well taken because Plaintiffs filed their Complaint outside the 30-day window provided in ORS 305.280(4), *Page 6 
having brought their appeal to the Magistrate Division before the board issued its order, rather than "within 30 days after the * * * date of mailing of the order * * *," as provided in ORS 305.280(4). Dismissal of Plaintiffs' value appeal is therefore in order unless the alternative provisions of ORS 305.288 apply.
The appeal involves personal property and, under ORS 305.288(3) (2007), the court can order a reduction in the value of Plaintiffs' property if they have "good and sufficient cause" for failing to appeal to the court within 30 days of the date of mailing of the board order.
In a letter to the Court dated February 22, 2008, Plaintiffs explained that they were appealing to the court prior to the receipt of the board's decision because they were scheduled to be out of the country on the date the board had scheduled to hear the petition (February 26, 2008), Plaintiffs wrongly assuming that the board would render its decision that day. (Ptfs' Ltr, Attach 3, Apr 8, 2008.) However, Plaintiffs returned from their overseas trip on March 27, 2008, and the 30-day deadline for appealing the board's order was April 10, 2008. The board's original order was in a pile of mail Plaintiffs found waiting for them upon their return. Moreover, Plaintiffs acknowledge that they received a "corrected" order from the board on April 1, 2008. Plaintiffs were therefore aware of the board's determination before the April 10, 2008, deadline for appealing to this court.
The statutory definition of "good and sufficient cause" is "an extraordinary circumstance that is beyond the control of the taxpayer * * * and that causes the taxpayer * * * to fail to pursue the statutory right of appeal." ORS 305.288(5)(b)(A) (2007). Plaintiffs explained to the court that they thought, mistakenly as it turns out, that the 30 days "would be from February 26, when the board was to meet on [their] appeal." Information included with the board's order, however, *Page 7 
explained otherwise. Moreover, lack of knowledge is specifically excluded from the definition of good and sufficient cause. ORS305.288(5)(b)(B) (2007).
Because Plaintiffs did not appeal within the 30-day period provided in ORS 305.280(4), and do not satisfy the alternative provisions of ORS305.288(3) regarding good and sufficient cause for failing to do so, Plaintiffs' appeal from the board's order — which the court has determined involved a request for a reduction in value — must be dismissed as premature.
2. Exemption and Timeliness of the Appeal
Applying the rule of liberal construction explained above, the court concludes that Plaintiffs are also requesting an exemption of the property. Plaintiffs indicated in numerous places that Dr. Sproed's medical office closed in March 2006, and that the personal property here at issue was either disbursed or converted to personal use. Section 4 of Plaintiffs' Complaint requests "readjustment refund of taxes paid after business was closed personal property dispersed [sic][.]" Defendant was aware that Plaintiffs believed the property was not subject to tax because Plaintiffs' tax year 2007-08 personal property return indicated that they had no personal property to report because the business closed March 1, 2006. Plaintiffs reported on that return that "[a]ll assets transferred to personal use for disposal * * *."
ORS 307.190(1) exempts from taxation "[a]ll items of tangible personal property held by the owner, or for delivery by a vendor to the owner, for personal use, benefit or enjoyment[.]" The board does not have jurisdiction to hear exemption requests. Those appeals are filed directly to the Tax Court.
Defendant has not responded to the exemption issue, but has challenged jurisdiction based on timeliness. The rule of liberal construction, discussed above and applied by the court to Plaintiffs' Complaint, must, in fairness, be applied to Defendant's Answer, in which Defendant *Page 8 
has challenged the timeliness of Plaintiffs' appeal. The court will therefore proceed to determine whether Plaintiffs have timely appealed the exemption issue.
ORS 305.280(1) (2005) provides that "an appeal under ORS 305.275(1) or (2) shall be filed within 90 days after the act, omission, order or determination becomes actually known to the person, but in no event later than one year after the act or omission has occurred, or the order or determination has been made." Plaintiffs filed their personal property tax return in February 2007, seeking to have the property exempt from taxation, and they received a property tax statement in October 2007 indicating that Defendant was not granting exemption to the property, but was, instead, valuing the property at $46,917, resulting in a tax of $708.63. Plaintiff submitted the receipt they received upon payment of their taxes, showing that payment was made November 13, 2007. (Ptfs' Ltr, Attach 11, Apr 8, 2008.) Plaintiffs were obviously aware at that point that the property was not exempt from taxation. Plaintiffs did not appeal within 90 days of that date. Accordingly, their appeal for exemption is untimely and must be dismissed.[6]
 IV. CONCLUSION
For the reasons set forth above, the court concludes that Plaintiffs have not timely appealed and that their Complaint should therefore be dismissed. Plaintiffs did not appeal their value within the 30-day window for appeals from the board provided in ORS 305.280(4), nor did Plaintiffs appeal the exemption issue within 90 days of knowledge of Defendant's denial of exemption, as provided in ORS 305.280(1). Now, therefore, *Page 9 
IT IS THE DECISION OF THIS COURT that this matter be dismissed as untimely.
Dated this ___ day of September 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on September 19,2008. The Court filed and entered this document on September 19,2008.
[1] The original Answer was filed April 18, 2008.
[2] Plaintiffs submitted to the court a three-page letter from Dr. Sproed, dated April 8, 2008, along with 37 pages of information related to Plaintiffs' appeal. Those materials were filed April 11, 2008. Included in those documents is a letter written by Dr. Sproed, dated January 2006, sent to his patients, announcing the closure of his practice on March 1, 2006, and a newspaper ad announcing the closure of his office. (Ptfs' Ltr, Attach 9, 10, Apr 8, 2008.) Dr. Sproed and his wife testified to the closure of his practice at the July 14, 2008, hearing, a fact not contested by Defendant.
[3] Unless noted otherwise, all references to the Oregon Revised Statutes (ORS) are to 2005.
[4] As noted later in the court's decision, the court concludes Plaintiffs are also seeking an exemption of the property.
[5] See footnote 4 above.
[6] Because Plaintiffs' appeal is being dismissed, the court offers no opinion as to whether the subject property should be exempt from taxation, or the value reduced. Plaintiffs, however, may be successful in achieving some form of relief by petitioning the Department of Revenue under ORS 306.115. Again, the court offers no opinion as to the merits of any such claim. *Page 1